UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| L.C. Brown, Jr., ) | C/A No. 4:12-1745-TLW-TER |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | REPORT AND |
| ) | RECOMMENDATION |
| Warden McCabe, ) | |
| ) | |
| Respondent. ) | |
| ) | |

The petitioner, L.C. Brown, Jr. ("Petitioner"), is a state prisoner proceeding *pro se*, who brings this action pursuant to 28 U.S.C. § 2241 for habeas relief. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2), D.S.C., the undersigned is authorized to review such petitions and submit findings and recommendations to the District Court.

## REVIEW STANDARD

This court is charged with reviewing a petitioner's habeas petition and attachments to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court," and dismissing such petitions. Rules Governing Section 2254 Cases, Rule 4; *see also* Rules Governing Section 2254 Cases, Rule 1(b) (a district court may apply rules governing § 2254 habeas petitions to § 2241 petition). This court is also required to construe *pro se* petitions liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978). When a federal court is evaluating a *pro se* petition, the petitioner's allegations are assumed to be true, *Hughes*, 449 U.S. at 9, but the requirement of liberal construction does not mean

that the court can ignore a clear failure to set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990). The petition submitted in this case, even under this less stringent standard, is subject to summary dismissal.

DISCUSSION

The § 2241 petition filed in this case is Petitioner's third request in this Court for federal habeas relief based on his 2001 state convictions for armed robbery and assault with intent to kill for which he is serving a twenty-five year sentence. *See Fletcher v. Bryan*, 175 F.2d 716 (4th Cir. 1949) (district court may take judicial notice of materials in the court's own files from prior proceedings); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir.1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"). Petitioner first filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on January 25, 2008, which was dismissed with prejudice pursuant to Rule 41(b) for failure to prosecute after Petitioner failed to respond to an order explaining summary judgment procedural requirements. *See Brown v. Warden*, C/A No. 4:08-00224-MBS-TER (D.S.C.). Petitioner filed a second § 2254 petition on September 14, 2011, which was dismissed for lack of jurisdiction because it was a second or successive § 2254 petition. *See Brown v. Warden*, C/A No. 1:11-02472-TLW-TER (D.S.C.). Petitioner now files a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his same 2001 criminal convictions.

As an initial matter, Petitioner's claims challenging the validity of his state criminal convictions are cognizable only under 28 U.S.C. § 2254, not § 2241. See 28 U.S.C. § 2254(a)(applicable to "an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court"). Prisoners who are in custody under a state court

judgment may not proceed under § 2241 in an attempt to circumvent the procedural requirements applicable to § 2254, such as the restrictions on second or successive petitions. *See* 28 U.S.C. § 2244; *see also Thomas v. Crosby*, 371 F.3d 782, 787 (11th Cir. 2003) ("A state prisoner cannot evade the procedural requirements of § 2254 by filing something purporting to be a § 2241 petition."). The claims presented in this case are challenges to the validity of Petitioner's state convictions, and, although presented on a § 2241 habeas form, are only cognizable under § 2254.

Petitioner's current habeas action is a successive § 2254 petition. To be considered successive, the second or subsequent petition must be a second attack on the same conviction, and the first petition must have been finally adjudicated on the merits. *See In re Williams*, 444 F.3d 233, 236 (4th Cir.2006). As noted in Petitioner's prior successive habeas action, the first habeas petition filed by Petitioner in 2008 was dismissed pursuant to Rule 41(b) with prejudice, which operates as an adjudication on the merits. *See Brown v. Warden*, C/A No. 1:11-02472-TLW-TER (D.S.C.). Petitioner's current habeas petition meets the criteria for being successive for purposes of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The AEDPA imposes strict limits on the consideration of "second or successive" habeas petitions. *See* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."); *In re Williams*, 444 F.3d 233, 235 (4th Cir.2006) ("Before filing such a petition in the district court, the applicant must obtain leave to do so from the court of appeals."). As explained to Petitioner in his prior successive § 2254 action, he must obtain permission from the Court of Appeals for the Fourth Circuit before he may file a second or successive § 2254 petition challenging his 2001 convictions for armed robbery and assault with

3

intent to kill. This court does not have jurisdiction over Petitioner's current § 2254 petition, because Petitioner did not first obtain permission from the Fourth Circuit to file this successive § 2254 petition.

## RECOMMENDATION

Accordingly, it is recommended that Petitioner's § 2254 petition for a writ of habeas corpus be dismissed *without prejudice* and without requiring a response by the Respondent.

                                             s/Thomas E. Rogers, III
                                             Thomas E. Rogers, III
                                             United States Magistrate Judge

September 27, 2012
Florence, South Carolina

**Petitioner's attention is directed to the notice on the following page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).